UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11000-RWZ

DIANE MAMMOLA and MICHELA MAMMOLA

v.

MT. WASHINGTON CO-OPERATIVE BANK and
EAST BOSTON SAVINGS BANK

MEMORANDUM OF DECISION

March 31, 2014

ZOBEL, D.J.

Plaintiffs Diane Mammola ("Diane") and Michela Mammola ("Michela") filed this action pro se against Mt. Washington Co-Operative Bank ("MWB") and its successor in interest by merger East Boston Savings Bank ("EBSB") alleging various claims in connection with several mortgage and commercial loans. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility "is not akin to a probability requirement, but [requires] more than a sheer possibility ...." Id. Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id.

Between 2004 and 2008, MWB made a series of commercial loans, secured by real estate, to Ten Yeamans Street Realty Trust, Fourteen Yeamans Street Realty

Trust, and Triple-M Realty Trust (together, the "Realty Trusts"). Seta Mammola ("Seta")[1], Diane's stepmother and Michela's mother, is the trustee of all three Realty Trusts; plaintiffs are beneficiaries. In 2007, MWB also made a mortgage loan to Diane and her husband, secured by their personal residence at 10 Milano Avenue in Revere, Massachusetts.

Plaintiffs makes various allegations of improper conduct by defendants regarding these loans. At times unorganized and difficult to understand, the complaint appears to allege that MWB acted deceptively in failing to disclose that it was having regulatory difficulties and was the subject of a cease and desist order issued by the Federal Deposit Insurance Corporation ("FDIC"). "Constrained in its banking activities" by the FDIC order, MWB purportedly "materially changed its relationship" with plaintiffs with respect to the properties mortgaged by the Realty Trusts. Complaint at ¶¶ 61 and 66. Plaintiffs claim that, as a direct and proximate result of MWB's "altered conduct," Seta filed for bankruptcy and the Realty Trusts' properties were sold or foreclosed upon. As for the mortgage on the Milano Avenue property, Diane and her husband defaulted on their loan payments in late 2007 due to medical and other reasons. The complaint alleges that in April 2008, MWB loan officers contacted plaintiffs' father Robert Mammola ("Robert")[2] in an effort to convince him to assume Diane's mortgage obligations. Plaintiffs assert that MWB, in its discussions with Robert, misrepresented the identity of the loan's obligors and improperly disclosed Diane's confidential

---

[1] Seta is referred to as "SRM" in the complaint.

[2] Robert is referred to as "RJM" in the complaint.

2

information. In response to MWB's entreaties, Robert allegedly "assumed" his daughter's mortgage on the Milano Avenue property on November 25, 2008.[3]

Based on these allegations, plaintiffs bring twelve claims, all of which defendants seek to dismiss under the Rooker-Feldman doctrine, for lack of standing, as time-barred under applicable statutes of limitations, and for failure to otherwise state a claim. While the Rooker-Feldman doctrine does not apply in this context,[4] dismissal of the complaint is warranted on the other grounds identified by defendants:

Count I asserts MWB breached a contract by "seeking out" Robert to assume Diane's mortgage on the Milano Avenue property and disclosing confidential information. Plaintiffs do not identify the contract at issue, how MWB's alleged conduct constituted a breach, or what damages they suffered as a result. See, e.g., Linton v. New York Life Ins. and Annuity Corp., 392 F. Supp. 2d 39, 41 (D. Mass. 2005). Count I thus fails to state a claim for breach of contract. Count II, for breach of the implied covenant of good faith and fair dealing, is based upon the same conduct described in

---

[3] Defendants contend that, in fact, Diane and her husband conveyed the Milano Avenue property to Robert on November 25, 2008, and that Robert then took out a new mortgage from MWB on the home. Defendants submit copies of the quitclaim deed and the new mortgage agreement confirming these transactions as exhibits to their memorandum in support of dismissal. Docket # 8, Exs. A and B.

[4] The Rooker-Feldman doctrine "precludes courts from exercising subject matter jurisdiction where the issues presented in the case are 'inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be in the unseemly position of reviewing a state court decision for error." Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 (1st Cir. 2003). Defendants argue that many of the claims relating to MWB's dealings with the Realty Trusts were already litigated and dismissed in an action in the Massachusetts Superior Court. However, the referenced lawsuit was brought against MWB by Seta and Robert Mammola, individually and as trustees for the Realty Trusts. Since plaintiffs were not parties to the previous Superior Court case, their claims are not barred by the Rooker-Feldman doctrine, which is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). See also Lance v. Dennis, 546 U.S. 459, 464 (2006) ("[W] have held Rooker-Feldman inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding.").

3

Count I and likewise fails. Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 805 N.E.2d 957, 964 (Mass. 2004).

Count III alleges a violation of fair debt and collection practices by "providing incorrect information about an individual to someone else" and "contacting someone other than the actual debt holder or consignor [sic] for debt collection." Complaint at ¶ 79. The complaint specifically refers to defendants' conversations with Robert about Diane's mortgage on the Milano Avenue property; allegedly misleading statements made to the bankruptcy court regarding the ownership of the Realty Trusts properties; and communications with third parties interested in purchasing the Realty Trusts properties. Plaintiffs do not specify whether Count III is brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, or Massachusetts debt collection practices statute, Mass. Gen. Laws c. 93, § 49 and c. 93A. Similarly, Count VIII charges "predatory lending" but cites to the FDCPA and contains allegations essentially identical to those made in Count III. To the extent both claims rely on alleged misrepresentations made to Robert regarding the Milano Avenue mortgage in 2008, they are barred by the one-year and four-year statutes of limitations of the FDCPA and c. 93, respectively. See 15 U.S.C. § 1692k(d) and Mass. Gen. Laws c. 260 § 5A. With respect to the allegations regarding the Realty Trusts properties, plaintiffs as beneficiaries lack standing to sue defendants on behalf of the trusts. RESTATEMENT (THIRD) OF TRUSTS § 107 (2013).[5] Morever, the complaint fails to

---

[5] "As holder to the title of trust property . . . and as representative of the trust and its beneficiaries, the trustee is normally the appropriate person to bring (and to decide whether to bring) an action against a third party on behalf of the trust." RESTATEMENT (THIRD) OF TRUSTS § 107 cmt. b (2013).

4

sufficiently describe the alleged misstatements and communications and how they violated the federal or state statutes. Counts III and VIII are dismissed.

Count IV alleges that defendants breached a duty of good faith and fair dealing by failing to work with plaintiffs to "cure and/or resolve any covenant violations" which defendants allegedly created through their dealings with the FDIC. Counts V and VI assert that defendants breached their fiduciary duty by "restructur[ing] Plaintiff's financial life" and "failing to respond, refusing to cooperate and appearing unwilling to consider Plaintiff's legitimate purchase or refinance options, while at the same time imposing unreasonable demands to cross-collateralize loans which Plaintiff made." Complaint at ¶¶ 84 and 88. The basis for liability in Counts IV-VI is not entirely clear, but appears to relate to the Realty Trusts' loans. As already discussed, plaintiffs lack standing to bring claims regarding the trusts or their property. Moreover, the relationship between a borrower and lender does not generally create a fiduciary duty unless the borrower has reposed his or her trust and confidence in the lender *and* the lender knows of and accepts the borrower's trust. FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 102 (1st Cir. 2009). Setting aside that plaintiffs were not even the borrowers on the Realty Trusts' loans, there is no indication that defendants were aware of or accepted plaintiffs' alleged reliance and trust. Id. Counts IV, V, and VI fail to state claim.

---

A beneficiary may maintain a proceeding relating the trust or its property against a third party, but only where "(a) the beneficiary is in possession, or entitled to immediate distribution of the trust property involved; or (b) the trustee is unable, unavailable, unsuitable, or improperly failing to protect the beneficiary's interest." Id. at subsection 2. Plaintiffs here allege neither circumstance.

5

Count IX vaguely alleges fraud, deceit, and intentional misrepresentation, contending that defendants or their agents made various false statements negligently, intentionally, or recklessly. Claims of fraud are subjected to the heightened pleading standard of Fed. R. Civ. P. 9(b) and "must state with particularity the circumstances constituting fraud or mistake," including "specifics about the time, place, and content of the alleged false representations," Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 359 (1st Cir. 2013) (quoting Juarez v. Select Portfoloio Servicing, Inc., 708 F.3d 269, 279-80 (1st Cir. 2013)). Plaintiffs must also indicate actual reliance and "the specific nature of the resulting harm." Woods, 733 F. 3d at 358. Count IX itself does not identify any alleged misrepresentations, and statements referenced elsewhere in the complaint were made not to plaintiffs, but to their father Robert, the bankruptcy court, or to third parties. The complaint also lacks necessary details regarding the circumstances of each alleged misrepresentation, reliance, and harm. Count IX is dismissed.

Count X claims duress with respect to pressure that defendants allegedly asserted on Robert to assume Diane's mortgage on the Milano Avenue property. Plaintiffs do not explain how defendants' alleged conduct toward Robert constitutes duress upon themselves. Moreover, Massachusetts sets a three-year statute of limitations for tort actions, Mass. Gen. Laws c. 260, § 2A; the conduct described occurred in 2008, meaning the duress claim expired well before plaintiffs filed their complaint on April 23, 2013.

Count XI, asserting unfair and deceptive acts and practices in violation of Mass.

Gen. Laws c. 93A, is derivative of the preceding claims in the complaint, all of which have been dismissed. Count XI therefore fails as well.

Finally, Count XII seeks "injunctive relief," which is a remedy, not a cause of action. Koufos v. U.S. Bank, N.A., 939 F. Supp. 2d 40, 46 (D. Mass. 2013). Because no other counts now remain, Count XII is likewise dismissed.

Defendants' motion to dismiss (Docket # 7) is ALLOWED as to all counts. Judgment shall enter dismissing the complaint.

    March 31, 2014                                             /s/Rya W. Zobel
          DATE                                                 RYA W. ZOBEL
                                                                UNITED STATES DISTRICT JUDGE